**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4648**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DERRICK KEITH USSERY, SR., a/k/a Boogaloo,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:10-cr-00030-H-1)

_____

Submitted:  February 28, 2012          Decided:  March 7, 2012

_____

Before WILKINSON, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jason R. Harris, WELCH & HARRIS, LLP, Jacksonville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Keith Ussery, Sr., pled guilty to distribution of and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Ussery asserts that the district court erred in counting a 2003 North Carolina conviction as a predicate offense for an enhanced punishment under 21 U.S.C.A. §§ 841(b)(1)(A), 851, and as a predicate felony for his career offender designation, because the sentence he actually received for the 2003 conviction was less than one year. Ussery's claims are meritless. It is clear from the record that Ussery did not receive an enhanced sentence under § 841(b)(1)(A). Further, Ussery has two uncontested predicate convictions that support his treatment as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010), even without the 2003 conviction. Finally, the 2003 conviction was properly considered as a predicate offense. Accordingly, we affirm.

A "prior felony conviction," for purposes of USSG § 4B1.1(a), is a previous adult conviction "punishable by death or imprisonment for a term exceeding one year." USSG § 4B1.2, cmt. n.1. Under the North Carolina Structured Sentencing Act, sentences are contingent on two factors: the designated "class of offense" and the offender's "prior record level." N.C. Gen. Stat. § 15A-1340.13(b) (2009). Ussery's 2003 conviction was a

2

Class H felony, and he had a prior record level of IV at the time. Sentenced in the presumptive range, Ussery's maximum sentencing range was eleven to fourteen months. N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009). Therefore, while Ussery was sentenced to only nine to eleven months, he was subject to a sentence greater than twelve months in prison. This conviction accordingly qualifies as a "prior felony" within the meaning of § 4B1.1 and as defined in USSG § 4B1.2. See United States v. Simmons, 649 F.3d 237, 244-45 (4th Cir. 2011) (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a prior North Carolina conviction may serve as a career offender predicate offense).

Therefore, Ussery's sentencing challenges fail. We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED